**In re C.A.C. JEWELRY, INC., d/b/a Zoller Findings, d/b/a Douglas Chain, Debtor.**

**Carlo A. CIOFFI and Barbara A. Cioffi, Plaintiffs,**

**v.**

**OLD STONE BANK, Defendant.**

**Bankruptcy No. 8800387.**
**Adv. No. 891007.**

United States Bankruptcy Court, D. Rhode Island.

April 21, 1989.

See also, Bkrtcy., 98 B.R. 653.

Allan M. Shine, Diane Finkle, Winograd, Shine & Zacks, Providence, R.I., for debtor.

Jason D. Monzack, Kirshenbaum & Kirshenbaum, Cranston, R.I., for plaintiff.

Thomas Hemmindinger, William Hillman, Strauss, Factor, Hillman & Lopes, Providence, R.I., for defendant.

Gerard F. Kelley, Boston, Mass., U.S. Trustee.

## ORDER CONTINUING INJUNCTION AND JOINING DEBTOR AS A PARTY PLAINTIFF

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on March 23, 30, April 3 and 4, 1989, on the following related matters:

1. Complaint of Carlo and Barbara Cioffi against Old Stone Bank, for continued injunctive relief against foreclosure of their personal residence.

2. Old Stone Bank's motion to vacate our February 7, 1989 bench decision and order, and the plaintiffs' objection thereto.

3. Cioffis' motion to extend the time for payment of additional interest to Old Stone Bank, and Old Stone's objection thereto.

To adequately consider these matters, at the suggestion of the debtor, we held what we characterize as a "mini feasibility" hearing, during which, inter alia, the practicability of the debtor's plan of reorganization was analyzed. Based on all of the evidence presented during these numerous hearings, as well as the conduct and actions of the debtor, through its principal, during the pendency of the case, we make the following rulings:

1. The injunction issued on February 7, 1989 enjoining Old Stone Bank from foreclosing against Mr. & Mrs. Cioffi's personal residence, located at 43 Bagy Wrinkle Cove, Warren, Rhode Island, will remain in effect for 45 days from this date, in order to permit our review of the report and evaluation of the examiner, appointed this date in the debtor's bankruptcy case, without prejudice to any rights of Old Stone Bank, at that time.

2. Due to the ongoing dispute between the Cioffis and the Bank as to the allocation of principal and interest payments, and because of our concern for the larger issues facing the debtor in this case, particularly whether the debtor's projections are realistic, and whether the Chapter 11 case is viable, we vacate that part of our February 7, 1989 bench decision which ordered interest arrearage to be paid to the Bank, and Order, instead, that all current, *undisputed* interest be paid to Old Stone Bank within 10 days of this Order, in addition to unpaid foreclosure costs. During the 45 day injunction period all interest due Old Stone Bank is to be kept current. The controversy involving the $4,000 disputed amount is taken under advisement, until further order. At this stage of the case, that is not a critical issue, and as was pointed out repeatedly by Ms. Finkle at the April 4 hearing is really an ancillary matter, at best.

3. The interwoven nature of the facts and the parties in this adversary proceeding and in the bankruptcy case itself, has been a constant source of distraction and confusion to the Court. In an effort to reduce future procedural chaos and disor-

der, pursuant to Bankruptcy Rule 7019, entitled "Joinder of Persons Needed for Just Determination,"[1] we sua sponte order joinder of the debtor C.A.C. Jewelry d/b/a Zoller Findings, d/b/a Douglas Chain, as a party plaintiff in the within adversary proceeding.[2]

A hearing will be held on June 5, 1989, at 10:00 a.m., to consider the continuation of the preliminary injunction.

---

1. Bankruptcy Rule 7019 provides in relevant part that:
   "Rule 19 FR Civ P applies in adversary proceedings...."
   FED.R.CIV.P. 19, entitled "Joinder of Persons Needed for Just Adjudication", provides in relevant part that:
   (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest ... If the person has not been so joined, the court shall order that the person be made a party.

2. "Where the rights of the absent person as (sic) so tied to the litigation that it would be impossible in equity and good conscience to proceed without his joinder, the fact that the issue of joinder was not timely raised should not prevent the court from acting to rectify this potential inequity. Thus, independent of Rule 12(b)(7) and 12(h)(2) both the trial court and the appellate court have the power and the duty to act sua sponte to protect the rights of the absent person, whether by ordering that he be added...." 3A Moore's Federal Practice ¶ 19.05[2] (2d ed. 1987).